UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX NERGHES, | ) | Case No. 1:04CV2384 |
| | ) | |
| Petitioner, | ) | Judge Ann Aldrich |
| | ) | |
| v. | ) | Magistrate Judge David Perelman |
| | ) | |
| JULIUS WILSON, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM AND ORDER |

In December 2002 Nerghes sexually assaulted his girlfriend. Nerghes was convicted of felonious assault and rape in Ohio state court, and he appealed, contending that (1) the evidence was insufficient to support his convictions, (2) the trial court erred in admitting the victim's statements to the police and to her supervisor under the excited utterance exception to the hearsay rule, and (3) the trial court erred in sentencing him to the longest term authorized by law. In March 2004 the Ohio Ninth District Court of Appeals affirmed Nerghes's conviction and sentence. In July 2004 the Ohio Supreme Court denied his motion for leave to file a delayed appeal, finding that the proposed appeal did not involve any substantial constitutional question.

In December 2004 Nerghes filed the instant Title 28 U.S.C. § 2254 petition for a writ of habeas corpus, and it was automatically referred to a United States Magistrate Judge. On Thursday, June 23, 2005 the magistrate judge issued a report recommending the denial of Nerghes's petition. The magistrate judge first recommends holding that Nerghes's claims are procedurally defaulted due to his failure to timely appeal to the Ohio Supreme Court and due to that court's denial of leave to file a delayed appeal. *See*

R&R at 3-5. Alternatively, the magistrate judge recommends holding that Nerghes's claims lack merit, i.e., that the Ohio Court of Appeals's rejection of his claims did not contradict or unreasonably apply any clearly established federal law. *See* R&R at 5-15.

Absent evidence to the contrary, the court presumes that Nerghes received the R&R shortly after it was issued on Thursday, June 23. "The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. US*, 285 U.S. 427, 430 (1932) (citation omitted) (cited in *Crace v. Kentland-Elkhorn Coal Corp.*, 109 F.3d 1163, 1166 (6th Cir. 1997) (relying on sender's computer data showing that it sent item)).

Giving Nerghes the benefit of the doubt, the court assumes *arguendo* that the vagaries of the prison mail system prevented him from receiving the R&R until Saturday, July 2, nine days after it was issued. *See US v. Rodriguez-Aguirre*, 30 Fed. Appx. 803, 805, 2002 WL 182117, at *2 (10th Cir. Feb. 6, 2002) ("The Supreme Court has recognized that the prison mail system presents delays beyond a prisoner's control....") (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988))

After receiving the report, Nerghes had ten days to file an objection, not counting weekends and holidays. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a). Starting the ten day period on Tuesday, July 5, Nerghes's last day to give prison authorities objections for filing was Monday, July 18. So far as the record reflects, he has failed to file any objection or to seek an extension of time.

"The court need not conduct *de novo* review" if a party fails to file an objection or files merely "general and conclusory objections that do not direct the court to a specific error" in the R&R. *Tyler v.*

*Beinor*, 81 Fed. Appx. 445, 446, 2003 WL 22794897, at *4 (4th Cir. Nov. 20, 2003) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) and Fed. R. Civ. P. 72(b)). Accordingly, the magistrate judge's well reasoned Report and Recommendation is adopted, and Nerghes's petition for a writ of habeas corpus is denied.

This order is final but not appealable. *See Williams v. City of Southfield*, 99 Fed. Appx. 44, 45, 2004 WL 950058, at *1 (6th Cir. Apr. 28, 2004) (when a party fails to file a timely and specific objection to a magistrate judge's report, and there are no extraordinary circumstances to justify waiving the objection requirement, he waives the right to appeal the order adopting the report);[1] *see, e.g., Harris v. City of Chattanooga*, 2005 WL 1400199, at *4 (6th Cir. June 15, 2005).

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated:     August 9, 2005

---

[1] *Accord Chavez v. Perry*, 2005 WL 1635361, at *9, __ Fed. Appx. __ (10th Cir. July 13, 2005) ("This court has adopted a firm waiver rule that a litigant's failure to file timely objections to [an R&R] waives appellate review of both the factual and legal determinations.") (citation omitted).